UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | |
|---|---|
| DARRYL SMITH | ) |
| | ) No. 1:08-cr-28/1:11-cv-180 |
| v. | ) *Judge Mattice* |
| | ) |
| UNITED STATES OF AMERICA | ) |

**MEMORANDUM**

Darryl Smith ("Smith"), a federal inmate, has filed a *pro se* motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 25).[1] After entering a guilty plea, Smith received a 151 month sentence. Smith challenges his sentence and conviction claiming his Fourth Amendment rights were violated when agents failed to leave a copy of the warrant at his residence, he was entrapped, and his trial counsel rendered ineffective assistance when he advised him to plead guilty (Criminal Court File No. 25).

Because it plainly appears from the § 2255 motion and from Smith's criminal filed that he is not entitled to relief, the United States Attorney is not required to file an answer in this matter. For the reasons explained below, the Court concludes Smith's § 2255 motion will be **DENIED** as time-barred, and this action will be **DISMISSED** (Criminal Court File No. 25).

**I.     Applicable Law**

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Title 28 U.S.C. 2255(f) provides, in relevant part, that the one-year limitations period for federal inmates seeking relief under this section shall run from the latest of–

---

[1]     Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

1

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant is prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**II. Timeliness**

The statute of limitations in Smith's case began to run from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Smith was sentenced to a term of imprisonment for 151 months on November 4, 2008 (Criminal Court File No. 20). Smith did not pursue a direct appeal. When a § 2255 movant does not pursue a direct appeal to the court of appeals, his conviction becomes final on the date on which the time for filing such appeal expired. *Sanchez-Castellano v. United States*, 358 F.3d 424, 425 (6th Cir. 2004). Smith's judgment was entered on November 14, 2008, and at that time Fed. R. App. P. 4(b)(1)(A) provided that a notice of appeal had to be filed within had ten (10) days after entry of the judgement from which he wished to appeal. Rule 26(a) of the Federal Rules of Appellate Procedure provided that weekends and holidays were not counted in calculating the ten-day period. Therefore, under these rules, Smith had until December 1, 2008, to file a notice of appeal.[2] Therefore, the one-year statute of limitations began to run on December

---

[2] Pursuant to amendments that took effect in December 2009, Rule 4(b)(1)(A) now requires a notice of appeal to be filed within fourteen days after entry of the judgment. Rule 26(a)(1)(B) directs that all days be counted in calculating a period of days, including holidays and weekends, unless the last day of the period falls on a holiday or weekend.

2

2, 2008, the day after the expiration of the time for filing a notice of appeal.

Smith had one year from the time his judgment of conviction became final to file his § 2255 motion. December 1, 2008, was the date Smith' right to file an appeal expired. Thus, Smith was required to file his § 2255 motion on December 1, 2009. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), (citing *Houston v. Lack*, 487 U.S. 266, 270-71 (1988)). The Court is unable to determine when Smith gave prison authorities his motion for mailing but the record reflects Smith signed his motion on June 27, 2011, and mailed it on June 30, 2011 (Criminal Court File Nos. 25, 25-2), both of which are more than a year and a half after the expiration of the one-year statute of limitation for filing his § 2255 motion. Therefore, treating Smith's motion as filed on June 27, 2011, it is time-barred by the statute of limitations and will be **DISMISSED** (Criminal Court File No. 25). [3]

---

[3] Although Smith has not argued equitable tolling is applicable to his untimely motion, earlier this year he filed a motion requesting permission to file a late § 2255 motion which the Court denied. In that motion, Smith claimed his delay in filing a § 2255 motion was due to his dependence on his wife, who is unable to drive due to epileptic seizures, to obtain records. Even though the one-year statute of limitation applicable to motions filed pursuant § 2255 is subject to equitable tolling under certain limited circumstances, *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001), Smith's case does not present such a situation. Generally, to be entitled to equitable tolling, a petitioner must demonstrate he has been diligently pursuing his rights and that some extraordinary circumstance prevented him from timely filing his federal petition. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Smith's previous submission is insufficient to show he engaged in diligent efforts, or in any efforts, to file his § 2255 motion within the period of limitations. Therefore, to the extent Smith claims equitable tolling is applicable, he has failed to sustain his burden as there is no credible factual evidence demonstrating he pursued his rights diligently or that an extraordinary circumstance prevented him from timely filing his motion. Accordingly, equitable tolling does not save Smith's motion from the statute of limitations bar.

3

An appropriate judgment will enter.

                                          */s/Harry S. Mattice, Jr.*
                                          HARRY S. MATTICE, JR.
                                      UNITED STATES DISTRICT JUDGE